J-S15042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY MICHAEL SIPE | : | |
| | : | |
| Appellant | : | No. 850 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 26, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000796-2022

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED: AUGUST 19, 2025**

Appellant, Jeremy Michael Sipe, appeals from the judgment of sentence imposed following his jury convictions of endangering the welfare of a child and simple assault.[1] He argues that the evidence was insufficient and that both of his convictions were against the weight of the evidence. We do not reach the merits of this appeal, because the notice of appeal was untimely. Accordingly, we quash the appeal.

The trial court accurately summarized the evidence:

On July 15, 2022, at approximately 4:05 p.m., Pennsylvania State Trooper Craig Hooven (hereinafter "Trooper Hooven") responded to a report by Penn Highlands Clearfield Hospital that a sixteen (16) month old child (hereinafter the "Victim") was brought to the emergency room for suspected physical abuse. Trooper Hooven spoke with the Victim's grandmother, Billie Bowery, who told

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4304(a)(1) and 2701(a)(1), respectively.

Trooper Hooven that the Victim's injuries allegedly occurred when the Victim fell over a baby gate at [a] residence located … in Goshen Township, Clearfield County.

Pennsylvania State Trooper Matthew Peacock (hereinafter "Trooper Peacock") spoke to Billie Bowery on July 16, 2022 at 11:00 a.m. and was advised that the Victim was transported to Children's Hospital in Pittsburgh, PA. Trooper Peacock interviewed Miranda Gearhart, the [Victim's] mother at 12:41 p.m. Ms. Gearhart related that on July 15, 2022, between 11:30 a.m. and 1:00 p.m., she was outside for approximately fifteen (15) to twenty (20) minutes looking for her dog. While she was looking for her dog, the Victim was in the house with [Appellant]. No one else was in the home. When she returned, the Victim had visible injuries to his face where he did not have them before. [Appellant] then claimed that the Victim had tripped over the baby gate.

On July 20, 2022, Trooper Peacock received a Child Advocacy Consult report from UPMC Children's Hospital of Pittsburgh for the Victim. The physical examination report of the Victim noted "numerous bruises on left side of head and face. Extends up into hairline past left temple and above ear. Bruises on upper and lower eyelid, left forehead with some visible linear distribution, cheek involved, notable erythema/petechiae, left upper lip with mild swelling and bruising, significant bruising to left nares/lateral to nares. There is also bruising beneath the right eye. There is a small bruise on right lateral neck." [Appellant's] two (2) day jury trial occurred on January 10, 2024 and January 11, 2024. At the conclusion of said jury trial, the jury returned a verdict of guilty on both charges.

Trial Court Opinion, 10/14/24, 1-2.

On March 26, 2024, the trial court imposed consecutive terms of incarceration of one to four years for endangering the welfare of a child and one to three years for simple assault. On April 25, 2024, Appellant sought leave to file a post-sentence motion *nunc pro tunc*. The trial court granted the motion the same date and ordered the motion to be filed within seven days. Appellant filed the post-sentence motion on May 23, 2024.

In his post-sentence motion, Appellant asserted that each of his convictions were "against the weight and sufficiency of the evidence" and asked the trial court to reconsider the sentences imposed. Appellant's Post-Sentence Motion, 5/23/24, 1-2. By order filed on May 28, 2024, the trial court scheduled a hearing for June 18, 2024. It entered a written order denying Appellant's motions following the hearing. *See* Order, 6/21/24.[2] Appellant filed a notice of appeal on July 17, 2024. Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal. *See* Pa.R.Crim.P. 1925(b).

The issues Appellant presents for our review are as follows:

I. Whether the [t]rial [c]ourt erred when, on January 11, 2024, it accepted the guilty verdict on the charge of [e]ndangering the [w]elfare of [c]hildren which was against the weight and sufficiency of the evidence with regard to the element(s) of the offense and subsequently sentenced the Appellant to twenty-one (21) months to four (4) years of incarceration.

II. Whether the [t]rial [c]ourt erred when, on January 11, 2024, it accepted the guilty verdict on the charges of [s]imple [a]ssault[,] which was against the weight and sufficiency of the evidence with regard to the element(s) of the offense, and subsequently sentenced the Appellant to twelve (12) months to three (3) years of incarceration to be served consecutive to the charge of [e]ndangering the [w]elfare of [c]hildren.

Appellant's Brief, 6 (proposed answers omitted).

---

[2] The trial court's order denying the post-sentence motion was dated June 18, 2024. It was date stamped as filed on June 21, 2024.

- 3 -

We must address first whether we have jurisdiction to entertain this appeal. Absent extraordinary circumstances, such as fraud or a breakdown in court process, this Court has no jurisdiction over an untimely appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). We may raise such jurisdictional issues *sua sponte. Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014).

"[T]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." *Burks*, 102 A.3d at 500.

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).

*Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (emphasis in original). However, "the time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion." *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*). "An **untimely** post-sentence motion does not toll the appeal period." *Capaldi*, 112 A.3d at 1244 (emphasis in original).

Here, he judgment of sentence was entered on March 26, 2024. The notice of appeal was filed on July 17, 2024. In between, Appellant filed a post-

sentence motion, reviewed at a hearing and denied. Accordingly, we must determine whether Appellant's post-sentence motion was timely filed.

The date by which Appellant's post-sentence motion had to be filed to be deemed timely under the Rules of Criminal Procedure was Friday, April 5, 2024. **See** Pa.R.Crim.P. 720(A)(1). On April 25, 2024, the day on which Appellant's notice of appeal was due, Appellant sought leave to file a post-sentence motion *nunc pro tunc*. **See** Appellant's Petition for Allowance to File Post-Sentence Motion *Nunc Pro Tunc*, 4/25/24 (date stamp). In the body of the motion, Appellant stated, by way of explaining the late filing, that he requested a post-sentence motion to be filed, "however, upon meeting with [counsel], other issues were raised regarding post-sentence matters." **Id.**, ¶ 4. Appellant then noted that the Commonwealth did not object, but provided no other reason to grant the requested relief. **Id.**, ¶ 5. The trial court granted Appellant's petition the same day it was filed, expressly granting *nunc pro tunc* relief, and ordered Appellant to file the post-sentence motion within seven days, that is, by Thursday, May 2, 2024. **See** Order, 4/25/24.

In **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*), this Court explained that trial courts have the authority to grant *nunc pro tunc* relief for a post-sentence motion, thereby tolling the appeal period. **Dreves**, 839 A.2d at 1128. This discretionary power derives from the statute permitting the modification of trial court orders within 30 days after entry. **Id.**; **see also** 42 Pa.C.S. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the

prior termination of any term of court, if no appeal from such order has been taken or allowed").

Because the statutory grant is time-limited, the trial court's authority to grant post-sentence relief *nunc pro tunc* is also limited. "The trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence. Likewise, any decision by the trial court to modify, rescind or vacate the sentence must be rendered within 30 days" of the sentencing. ***Dreves***, 839 A.2d at 1128 n.6 (internal citations omitted).

Here, Appellant did not seek *nunc pro tunc* relief until the 30th day of the period for filing a direct appeal. The trial court expressly granted *nunc pro tunc* relief the same day and permitted Appellant seven more days to file the proposed motion.[3] In doing so, the court did not then have the motion before it to grant or deny, and did not then modify, rescind, or vacate the sentencing

---

[3] Doing so, without rescinding, modifying, or vacating the judgment of sentence, as was the case here, violated the time restriction clarified in ***Dreves***. We might be inclined to find that permission constituted a break down in court processes, if the motion had then been filed and ruled upon within the extended period. ***See Dreves*** at 1129 n.7. ***See also Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) ("We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court"). However, the motion was not filed in accordance with the trial court's misinformation, but far beyond the grace period extended by the trial court. As a result, there is no basis on which we could find that Appellant was misled by the trial court's grant of *nunc pro tunc* relief into believing he could file the post- sentence motion four weeks after the appeal period had expired yet it would still be deemed timely.

order. Appellant did not file his motion within the additional seven-day period. Instead, Appellant filed the post-sentence motion on May 23, 2024. **See** Appellant's Post- Sentence Motion, 5/23/24 (date stamp). Appellant thereby filed the post-sentence motion 28 days after the trial court granted him leave to file it *nunc pro tunc* and 21 days after the court's grant made it due.[4]

Most importantly, Appellant ultimately filed his post-sentence motion 58 days after he was sentenced, well outside the 30-day period permitted in **Dreves** and the seven-day extension permitted by the trial court. We therefore find that Appellant's post-sentence motion was untimely under Rule 720(A) and untimely as a permissive *nunc pro tunc* post-sentence motion under **Dreves**. In the absence of a trial court order entered within the 30-day appeal period vacating the judgment of sentence pending resolution of the post-sentence motion, we conclude that the *nunc pro tunc* post-sentence motion in this case did not serve to toll the appeal period. **See Dreves**, 839 A.2d at 1128 n.6.

Additionally, we note that our *en banc* **Dreves** decision prescribed additional requirements to cabin the discretion of the trial court to grant leave to file a *nunc pro tunc* post-sentence motion:

> [t]o be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence,

---

[4] We note there were no intervening requests for extensions of time filed, either in the certified record on appeal or listed on the trial court docket. Such requests would themselves have violated the 30-day requirement set out in **Dreves**, but, as none were made, we do not reach that issue.

demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. In employing the above line of reasoning, we find instructive cases dealing with the restoration of direct appeal rights *nunc pro tunc* … [F]or instance, our Supreme Court opined that in order for an appeal *nunc pro tunc* to be granted, the appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. Similarly, in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

**Dreves**, 839 A.2d at 1128 (footnote and internal citations omitted). We do not address the merits of whether the assertions in Appellant's petition demonstrate an extraordinary circumstance since Appellant failed to properly file the *nunc pro tunc* post-sentence motion.

Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period. Accordingly, he needed to file his appeal within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Appellant was sentenced on March 26, 2024 and filed his appeal 113 days later on July 17, 2024. This appeal is therefore untimely. "Moreover, no extraordinary circumstances, for example, a breakdown in the court's operations, exist that might excuse Appellant's late filing." **Capaldi**, 112 A.3d at 1245. Accordingly, we must quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>8/19/2025</u>